Donald L. CLEVELAND and Christa A. Cleveland, Plaintiffs,

v.

NORTH AMERICAN VAN LINES, INC. and Beltman North American Co. Inc., Defendants.

No. 89–CV–531 (FJS) (GJD).

United States District Court, N.D. New York.

March 28, 1994.

Kenneth L. Ayers, West Coxsackie, NY, for plaintiffs.

Dreyer, Boyajian & Tuttle, Albany, NY, for defendants (Daniel J. Stewart, of counsel).

### DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

This matter is before the court on submission on defendants North American Van Lines, Inc. and Beltman North American Co., Inc. motion for review of the bill of costs entered on January 12, 1994 by the Clerk of the Court for the Northern District of New York in favor of plaintiffs Donald L. Cleveland and Christa A. Cleveland in the amount of $4,736.51.

### DISCUSSION

1.  Legal Standard

Federal Rule of Civil Procedure 54(d) states that costs are "allowed as of course" to the prevailing party. *See* Fed.R.Civ.P. 54(d). However, a district court must limit reimbursement of costs to the list of items specifically set out in 28 U.S.C. § 1920 or some other explicit statutory contractual authorization. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987).

28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursement for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.*

The defendants do not dispute that the plaintiffs are the prevailing party and as such may recover costs. Rather the defendants argue that some of the costs listed in plaintiffs' bill of costs are not authorized by 28 U.S.C. § 1920.

A.  Expert Witness Fees

Plaintiffs submitted a total amount of $1,702.20 for expert witness fees. Under 28 U.S.C. § 1920(3) a prevailing party may recover expert witness fees. However, where an expert is not court-appointed, reimbursement is limited to a $40.00 witness fee and up to $75.00 for travel costs. *See* 28 U.S.C. § 1821; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1985). Plaintiffs concede this point.

B.  Deposition Fees

Plaintiffs submitted a total amount of $2,062.29 for deposition fees. Pursuant to 28 U.S.C. § 1920(3), deposition expenses may be recovered if reasonably necessary at the time taken. *See Health–Chem Corp. v. Hyman*, 523 F.Supp. 27, 33 (S.D.N.Y.1981). The circumstances of this case lead this Court to believe that the costs incurred for the Erenberg and Hofer excerpts were properly taken within the bounds of discovery and therefore necessarily obtained for use in the case. However, postage and handling charges are not provided for in 28 U.S.C. § 1920 and such costs are disallowed.

C.  Photographic Fees

Plaintiffs submitted a total amount of $636.06 for photographic exhibits prepared for use at trial in this case. Defendants contend that a second bill submitted for reprints of $224.64 is duplicative of an earlier bill for $207.58. 28 U.S.C. § 1920(4) permits

recovery for the cost of exhibits prepared for use at trial. The two bills submitted do not reflect duplication, the amounts seem reasonable, and without more than a bald assertion of duplication by the defendants, this Court shall award $636.06 for these costs.

## D.  Docket Fees

Plaintiffs request that pursuant to 28 U.S.C. § 1920(5) the Court include the $20.00 amount paid for trial fees which was inadvertently excluded from the original bill of costs. The Court finds that pursuant to 28 U.S.C. § 1923 this cost is recoverable.

## CONCLUSION

For the reasons just given, the Court finds that plaintiffs incurred recoverable costs in the amount of $180.00 for fees of the clerk and marshal, $27.50 for docket fees, $460.00 for expert witness fees, $784.52 for trial exhibits, and $2,018.29 for deposition fees. The plaintiffs' costs total $3,470.31. The Court will vacate plaintiffs' original bill of costs and order the Clerk of Court to enter a judgment for plaintiffs and against the defendants for costs in the amount of $3,470.31.

### ACCORDINGLY,

(1) defendants' motion for review of the Clerk's taxation of costs, filed on January 18, 1994, is granted in part and denied in part;

(2) the Clerk of the Court shall enter a judgment for the plaintiffs and against the defendants for costs in the amount of $3,470.31, and;

(3) plaintiffs' original bill of costs is hereby vacated.

**IT IS SO ORDERED.**