**C. Thomas RYTHER, Plaintiff,**

v.

**KARE 11, an NBC affiliate and a division of Combined Communications Corp., an Arizona corporation and Gannett Co., Inc., a Delaware corporation, Defendants.**

Civ. No. 4–91–943.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 28, 1994.

As Corrected Oct. 3, 1994.

See also 864 F.Supp. 1510.

Donna L. Roback, James K. Martin, and Larkin, Hoffman, Daly & Lindgren, Bloomington, MN, for plaintiff.

Thomas Tinkham, Karen Clauson Maki, and Dorsey & Whitney, Minneapolis, MN, for defendants.

## AMENDED ORDER

DOTY, District Judge.

This matter is before the court on C. Thomas Ryther's ("Ryther") motion for further relief under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (ADEA) and the Minnesota Human Rights Act, Minn.Stat. § 363.03, et. seq. (MHRA). The background of this case is set forth in the court's order dated September 13, 1994, and need not be repeated here.

An eight day jury trial was held in September 1993. At the close of Ryther's case, defendants moved for judgment as a matter of law on all claims. The motion was granted as to Ryther's defamation claim but was otherwise denied. The remaining federal claims were submitted to the jury at the close of evidence. On September 24, 1993, the jury returned a verdict for Ryther on his age discrimination claim and awarded $272,444.00 in back pay and $433,330.30 in front pay. The jury also found that defendants' violation of the ADEA was willful. The jury found in favor of defendants on the retaliation claim.

Ryther now asks the court to enter judgment on his claim of age discrimination under the ADEA based on the jury's verdict. Ryther also moves for entry of an award equal to $272,444.00 as liquidated damages based on the jury's finding of willfulness. With respect to his claims under the MHRA, Ryther moves for judgment in his favor on his claim of age discrimination and asks the court to award double or treble damages. He also requests $25,000 as damages for mental anguish and suffering and $8,500 as punitive damages. Finally, Ryther seeks to recover prejudgment interest as well as costs and attorneys' fees.

### 1. Liquidated Damages Under the ADEA

Under the ADEA a successful plaintiff is entitled to liquidated damages if the violation was willful. 29 U.S.C. § 626(b), incorporating by reference, 29 U.S.C. § 216(b). The statute refers to liquidated damages as an additional amount equal to the "amounts owing to a person as a result of a violation." 29 U.S.C. § 626(b). Thus, the

award of liquidated damages in an ADEA case is a doubling of the back pay award. The award of liquidated damages is not discretionary where a jury has made a finding of a "willful" violation. *Lee v. Rapid City Area School Dist.,* 981 F.2d 316, 333 (8th Cir.1992). The court has already held that the evidence was sufficient for the jury to reasonably find that defendants' violation of the ADEA was "willful." Accordingly, the court awards Ryther liquidated damages totalling $272,444.00.

## 2. Ryther's Claims Under the MHRA

Prior to submitting the case to the jury, the court granted Ryther's motion for an advisory jury on the MHRA claims of age discrimination and reprisal. The court indicated that its rulings on the MHRA claims would conform with the jury's findings of liability on the parallel ADEA claims. Accordingly, the court adopts the finding of the jury that defendants discriminated against Ryther because of his age and concludes that defendants' conduct violated the MHRA. The court also adopts the jury's finding that defendants did not retaliate against Ryther for filing an age discrimination charge and holds in favor of defendants on the state law reprisal claim.

■ Ryther asks the court to award treble damages, punitive damages and damages for mental anguish. The MHRA permits an award of compensatory damages "in an amount up to three times the actual damages sustained." Minn.Stat. § 363.071, subd. 2. It also allows damages for mental anguish or suffering and up to $8,500 in punitive damages. *Id.;* Minn.Stat. § 549.191. Such damage awards are not required, however, and the court has discretion to determine whether additional damages should be awarded. *LaMott v. Apple Valley Health Care Ctr.,* 465 N.W.2d 585, 591 (Minn.Ct.App.1991).

■ Ryther asks the court to exercise its discretion and double or treble the compensatory award. The primary consideration is whether the damages awarded by the jury fully compensate Ryther and restore him to the same position he would have attained had there been no discrimination. The court finds no support in the record for doubling or

trebling the actual damages. The compensation awarded by the jury, along with the liquidated damages provided for by the ADEA, fully compensate Ryther consistent with the policies of the MHRA. Accordingly, the court declines to award Ryther additional compensatory damages.

■ Ryther seeks an award of $8,500 in punitive damages. Punitive damages are allowed where it is established by clear and convincing evidence that the defendant acted with deliberate disregard for the rights of the plaintiff. Minn.Stat. §§ 549.19, 549.20. The court finds that the evidence concerning defendants' conduct does not meet the higher standard of proof. Accordingly, the court denies Ryther's request for punitive damages.

■ Ryther also seeks $25,000 as damages for mental anguish and suffering caused by defendants' violation of the MHRA. Unlike a common law action for emotional distress, to be recoverable under the MHRA the pain and suffering need not be severe or accompanied by physical injury. *Bradley v. Hubbard Broadcasting, Inc.,* 471 N.W.2d 670, 677 (Minn.Ct.App.1991). Because Ryther offered no expert testimony or medical evidence, defendants contend that an award of damages for mental anguish and suffering is not supported by the record. Such evidence is not mandatory, however, and an award may be based on subjective testimony. *Id.*

■ At trial, Ryther testified that he felt demeaned by defendants during the term of his last contract and was belittled by the stripping away of his duties. Ryther felt emotional pain when Mason said his contract would not be renewed and that he had failed in the Twin Cities. Ryther also experienced pain and humiliation when he was removed from the air and escorted from the station. Ryther testified that due to defendants' conduct he lost self-esteem and began to doubt himself. Ryther also believed that the stress he felt lowered his resistance to illness resulting in frequent colds and other viruses. While Ryther may have suffered some minor mental anguish due to defendants' discrimi-

nation, the court finds that Ryther has been fully compensated consistent with the policies of the MHRA. Accordingly, the court declines to award additional damages based on mental suffering.

### 3. Prejudgment Interest

Ryther seeks prejudgment interest on the jury's award of back pay. Ryther asserts that prejudgment interest is appropriate as he was deprived not only of salary but of the use of that salary. He contends that liquidated damages under the ADEA do not compensate him for being denied the use of money which was legally due. Defendants respond that liquidated damages under the ADEA are both punitive and compensatory in nature and, therefore, that an award of liquidated damages precludes recovery of prejudgment interest.

■ The ADEA does not explicitly provide for the award of prejudgment interest. Section 7(b) of the ADEA provides that the rights created by the Act are to be "enforced in accordance with the powers, remedies, and procedures of the Fair Labor Standards Act (FLSA)." *See* 29 U.S.C. § 626(b). The statute also allows the court to grant "such legal or equitable relief as may be appropriate to effectuate the purposes of [the ADEA]." *Id.* Thus, the award of prejudgment interest lies within the discretion of the court.

■ The remedial provisions of the FLSA and the ADEA, although similar, are not identical. The ADEA, unlike the FLSA, does not impose criminal penalties for willful violations. Moreover, while liquidated damages are mandatory under the FLSA, a prevailing ADEA plaintiff can recover liquidated or double damages "only in cases of willful violations." *Id.* Liquidated damages provided by the FLSA are intended to compensate plaintiffs for a variety of harms, including loss due to delay. It is well settled that under the FLSA a plaintiff cannot recover

both prejudgment interest, which serves to compensate, and liquidated damages. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). The question facing the court today is whether a plaintiff may recover both liquidated damages and prejudgment interest under the ADEA.

Prior to the Supreme Court's decision in *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), there was almost total unanimity among the circuits regarding the relationship between prejudgment interest and liquidated damages under the ADEA. The majority rule was that prejudgment interest was not recoverable under the ADEA where liquidated damages were awarded.[1] Some courts, relying on the relationship between the ADEA and FLSA, regarded the Supreme Court's holding in *Brooklyn Savings Bank* as conclusive of the issue under the ADEA. Other courts reasoned "that Congress intended for liquidated damages under the ADEA to be compensatory in nature and to cover, among other things, loss due to delay—precisely what prejudgment interest protects against." *Linn v. Andover Newton Theological School, Inc.,* 874 F.2d 1, 6 (1st Cir.1989). The Eighth Circuit adopted the latter reasoning, concluding that to allow recovery of both prejudgment interest and liquidated damages would constitute an impermissible double recovery. *Gibson,* 695 F.2d at 1102.

In *Thurston,* the Supreme Court focused on what constitutes a "willful" violation of the ADEA, the prerequisite to an award of liquidated damages. In so doing, the Court stated that "[t]he legislative history of the ADEA indicates that Congress intended for liquidated damages to be punitive in nature." *Thurston,* 469 U.S. at 125, 105 S.Ct. at 624. The Court also noted that Congress substituted double damage liability to deter willful

---

1. *Blim v. Western Elec. Co., Inc.,* 731 F.2d 1473, 1479–80 (10th Cir.1984); *Rose v. National Cash Register Corp.,* 703 F.2d 225, 230 (6th Cir.1983); *Gibson v. Mohawk Rubber Co.,* 695 F.2d 1093, 1101–03 (8th Cir.1982); *Kolb v. Goldring, Inc.,* 694 F.2d 869, 871 (1st Cir.1982); *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1114 (4th Cir. 1981); *O'Donnell v. Georgia Osteopathic Hosp., Inc.,* 748 F.2d 1543, 1552 (11th Cir.1984), *overruled by Lindsey v. American Cast Iron Pipe Co.,* 810 F.2d 1094, 1101–02 (11th Cir.1987). *But see Criswell v. Western Airlines, Inc.,* 709 F.2d 544, 556–57 (9th Cir.1983), *aff'd on other grds,* 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985).

violations of the ADEA in lieu of the criminal penalties imposed under the FLSA. *Id.*

Ryther argues that, in light of *Thurston,* an award of prejudgment interest does not constitute double recovery because liquidated damages under the ADEA are intended to punish and deter, not to compensate for loss due to delay. Two circuit courts have endorsed this position. Both the Second Circuit and Eleventh Circuit have held that awarding both prejudgment interest and liquidated damages in an ADEA case does not constitute double compensation because liquidated damages under the ADEA serve a punitive function by deterring willful violations. *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.,* 818 F.2d 278, 281–82 (2d Cir.1987); *Lindsey v. American Cast Iron Pipe Co.,* 810 F.2d 1094, 1102 (11th Cir.1987). Ryther also relies on a case where liquidated damages and prejudgment interest were awarded based on the district court's assumption that the Eighth Circuit would overrule *Gibson* in light of *Thurston. See Price v. Arkansas College,* 683 F.Supp. 712, 714 (E.D.Ark.1988).[2] This, of course, the Eighth Circuit has not done.

*Thurston* did not address whether prejudgment interest can be awarded on top of liquidated damages under the ADEA. Nor has the Eighth Circuit provided much guidance on this issue. The court has made the general statement that "[i]t is now settled that under the ADEA liquidated damages are 'punitive in nature,' " *Dickerson v. Deluxe Check Printers, Inc.,* 783 F.2d 149, 150 (8th Cir.1986) (quoting *Thurston,* 469 U.S. at 125, 105 S.Ct. at 624). However, the Eighth Circuit has not directly considered the relationship between prejudgment interest and liquidated damages under the ADEA since *Thurston.*[3]

The majority of circuit courts that have considered the issue subsequent to *Thurston,* however, continue to hold that plaintiffs cannot recover both liquidated damages and prejudgment interest under the ADEA. *See,*

*e.g., McCann v. Texas City Refining, Inc.,* 984 F.2d 667, 673 (5th Cir.1993); *Lilley v. BTM Corp.,* 958 F.2d 746, 755 (6th Cir.1992); *Powers v. Grinnell Corp.,* 915 F.2d 34, 39–42 (1st Cir.1990); *Hamilton v. 1st Source Bank,* 895 F.2d 159, 166 (4th Cir.1990); *Coston v. Plitt Theatres, Inc.,* 831 F.2d 1321, 1336 (7th Cir.1987), *vacated on other grds,* 486 U.S. 1020, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988). *Accord Blum v. Witco Chemical Corp.,* 829 F.2d 367, 382 (3d Cir.1987). These courts recognize that *Thurston* dealt only tangentially with the issue. The courts reason that although liquidated damages under the ADEA are awarded on a punitive standard, they serve, at least in part, to compensate plaintiffs for loss due to delay in recouping their back pay.

The legislative history also cuts both ways on this issue. The legislative history of the ADEA seems to indicate that while Congress hoped liquidated damages under the ADEA would serve as a deterrent, the damages were included in the statute to compensate plaintiffs "for nonpecuniary losses arising out of a willful violation of the ADEA." H.Conf. Rep. No. 95–950, 95th Cong., 2d Sess. 13–14, *reprinted in* U.S.Code Cong. & Ad. News 504, 535. The House Conference Report further stated that:

> The ADEA as amended by this act does not provide remedies of a punitive nature. The conferees therefore agree to permit a jury trial on the factual issues underlying a claim for punitive damages because the Supreme Court has made clear that an award of liquidated damages under the FLSA is not a penalty but rather is available in order to provide full compensatory relief for losses that are "too obscure and difficult of proof for estimate other than by liquidated damages."

*Id.* (footnote and citation omitted). On the other hand, it is undisputed that Congress aimed to create a two-tiered liability scheme under the ADEA. Moreover, the fact that

---

**2.** The case was appealed but the Eighth Circuit did not reach the issue of recovery. *Morgan v. Arkansas Gazette,* 897 F.2d 945 (8th Cir.1990).

**3.** Although awards of both liquidated damages and front pay have been upheld, the Eighth Cir-

cuit has suggested that prejudgment interest may be inappropriate when a generous amount of front pay has been awarded which makes the victim of discrimination whole. *MacDissi v. Valmont Indus.,* 856 F.2d 1054, 1061 (8th Cir.1988).

Congress substituted liquidated damages for the criminal penalties imposed under the FLSA suggests the damages are at least to some extent punitive in nature.

The court rejects the notion that because liquidated damages were meant to serve, in whole or in part, as a deterrent, they were not also intended to compensate plaintiffs for loss due to delay. To the contrary, the court concludes that, Congress designed liquidated damages under the ADEA to serve a dual function. One purpose of prejudgment interest under the ADEA is to compensate successful plaintiffs for nonpecuniary harms including loss due to delay. Liquidated damages under the ADEA also punish the employer and serve as a deterrent to future violations and, thus, fulfill a punitive purpose. Because Congress intended that liquidated damages under the ADEA serve, at least in part, a compensatory function, the court adopts the majority rule that an award of liquidated damages under the ADEA precludes recovery of prejudgment interest on the back pay award. Accordingly, the court holds that Ryther is not entitled to prejudgment interest on top of the award of liquidated damages in this case.

### 4. Attorneys' Fees

 Pursuant to 29 U.S.C. § 626(b) and Minn.Stat. § 363.14(3), Ryther seeks an interim award of attorneys' fees in the amount of $308,537.75 for the period March 1991 through October 28, 1993. A prevailing plaintiff in an ADEA action is entitled to an award of reasonable attorneys' fees.[4] A prevailing party is defined as a party who succeeds "on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quotation omitted). Subject to the factors outlined in *Hensley*, the court also has discretion under the MHRA to award reasonable attorneys' fees. Minn.Stat. § 363.071, subd. 2. The same standards govern the award of attorneys' fees under federal law and the MHRA.

*See Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 628–29 (Minn.1988).

 Both parties agree that Ryther may recover a reasonable sum as attorneys' fees; they disagree, however, as to the amount which should be awarded. Ryther carries the burden of establishing entitlement to an award and documenting the appropriate hours expended and the hourly rates. There is no precise formula for determining a reasonable fee. The court starts with the lodestar which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. Fees generally may not be awarded for work on unsuccessful claims as such services "cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id.* at 435, 103 S.Ct. at 1940 (quotation omitted). The results obtained and the degree of success are critical to the determination of a reasonable fee. Thus, an award of attorneys' fees is generally measured by "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S.Ct. at 1940.

 Ryther prevailed on his claims of age discrimination under federal and state law. His claims of illegal reprisal and defamation, however, did not succeed. Ryther contends that the court need not divide the hours worked between the winning and losing claims because the two unsuccessful claims were closely related to the age discrimination claim. Defendants argue the hours worked by Ryther's counsel must be allocated between the winning and losing claims.

The court finds that the fee award must be apportioned between Ryther's discrimination claims and the defamation claim. The claim of defamation is distinct in all respects from the discrimination and reprisal claims. It involves discrete facts and occurred after Ryther was removed from the air at KARE

---

4. Section 626(b) of the ADEA incorporates 29 U.S.C. § 216(b) of the FLSA. Section 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff

or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

11. Thus, the court concludes that the hours worked on the defamation claim must be excluded from the fee award. It is difficult for the court to ferret out the hours devoted to Ryther's defamation claim given the general billing descriptions submitted by Ryther's counsel. The court concludes that reducing the fees sought in the petition by 10 percent is a reasonable estimate of the hours expended on the defamation claim. Accordingly, the court reduces the fee award sought by Ryther's counsel by 10 percent in order to exclude any fees for work on the unsuccessful defamation claim.

Because Ryther's discrimination and reprisal claims share common facts and involve related legal theories, the fee award cannot be mechanically based on the success and failure of those claims. Rather, the court must examine the relationship between the significance of the overall relief obtained by plaintiff in relation to the hours reasonably expended on the litigation. It is obvious that Ryther succeeded on the central issue of age discrimination and that, taking the scope of the litigation as a whole, Ryther obtained the major part of the relief he sought. Thus, Ryther's counsel "should recover a fully compensatory fee." *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. The court finds that the hours claimed to have been expended by Ryther's counsel are reasonable given the overall result obtained. Except as set forth in this order, the court holds that the fees sought in the petition are reasonable in light of the level of success obtained in this case. The court declines, however, to award fees for time Ryther's counsel spent meeting with the media and conferring with a jury consultant.

Plaintiff invites the court to apply a multiplier to enhance the attorneys' fees. The court finds no support in the record for applying a multiplier to the award of attorneys' fees. The quality of representation is adequately reflected in the current hourly billing rates of Ryther's counsel. The billing rates indicate the qualifications and experience of Ryther's counsel and are comparable to the prevailing rates normally charged in this community. Thus, the court concludes that an enhanced award is not needed to account for the quality of legal representation afforded. Neither is the degree of success obtained by Ryther's counsel in this case so exceptional as to require an upward adjustment of the fees awarded. The court recognizes that Ryther's counsel represented him on a contingent fee basis. That factor standing alone, however, does not convince the court that an enhanced award is appropriate in this case. The court concludes that an award of the actual fees expended adequately compensates Ryther's counsel and, therefore, declines to apply a multiplier to enhance the attorneys' fees.

### 5. Recoverable Costs

A prevailing party under the ADEA may recover the reasonable costs of the action. The court is guided by the taxable costs described in 28 U.S.C. §§ 1920–29. Ryther seeks to recover $22,694.48 in costs incurred in pursuing his case. Defendants raise numerous objections to the costs requested by Ryther. The court holds that, except as noted below, Ryther is entitled to recover the costs for which he seeks reimbursement.

Defendants contend that many out-of-pocket expenses incurred by Ryther are not recoverable costs. The Eighth Circuit has held that reasonable out-of-pocket expenses may be awarded under the ADEA. The court has stated that:

> Reasonable expenses, the sort that lawyers ordinarily include in their bills to clients, are recoverable as part of the reasonable attorneys' fee ordinarily awarded to prevailing plaintiffs in ADEA cases.

*Neufeld v. Searle Laboratories,* 884 F.2d 335, 342 (8th Cir.1989) (citations omitted).[5] The court finds that the expenses Ryther's counsel attributed to duplicating, serving fees, long distance telephone charges, fax charges

---

**5.** The court notes that defendant relied on *Ginsberg v. Burlington Indus., Inc.,* 500 F.Supp. 696 (S.D.N.Y.1980), for the proposition that attorneys' travel expenses are not recoverable in ADEA cases. Defense counsel disregarded the Eighth Circuit's holding in *Neufeld,* which was cited by plaintiff and is controlling in this jurisdiction.

and local travel expenses are reasonable and were properly included as recoverable costs.

■ Defendants object to the inclusion of computer-aided research in the petition for costs. It is well settled that computer-aided research, "like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item of cost." *Leftwich v. Harris–Stowe State College,* 702 F.2d 686, 695 (8th Cir.1983). Accordingly, the court concludes that plaintiff cannot recover $504.21 expended on computer-aided research.

■ Defendants also contest Ryther's entitlement to the cost of certain deposition transcripts and copies of transcripts. Ryther may recover "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendants contend that many depositions taxed by Ryther were unnecessary or were simply for investigative purposes.

■ The most direct evidence of necessity is the actual use of a transcript in a court proceeding. Assessing the necessity of a transcript not used in a court proceeding is more troublesome. The costs of such a transcript may still be taxable when the deposition appeared reasonably necessary to the parties at the time it was taken. *Raio v. American Airlines, Inc.,* 102 F.R.D. 608, 611 (E.D.Pa.1984). *See* Wright, Miller & Kane, *Federal Practice & Procedure* § 2676 at 341 (cost may be taxed if deposition seemed reasonably necessary at the time it was taken). Depositions that merely assist discovery or are investigatory in nature, however, generally are not taxable.[6]

■ Ryther's counsel broadly asserts that all the deposition transcripts taxed were "probative" to the facts in this case and "reasonably necessary for litigation of this matter." It is not sufficient that the depositions were probative. Rather, the depositions must have been necessary to litigation of the case. Ryther seeks to recover the costs of the depositions of Daniel Anderson, Alan Golan, Elliott Bass and Rodger Kent–Vogel. The court finds that Ryther has failed to demonstrate that these depositions were necessary to litigation of the case or that they were reasonable in light of the facts known at the time they were taken. Moreover, it appears to the court that these depositions were primarily designed to assist discovery and were investigatory in nature. Accordingly, the court finds that the costs of the deposition transcripts identified above are not recoverable. Ryther may recover, however, the cost of the other depositions for which he seeks reimbursement as those depositions were, or at least appeared to be at the time they were taken, reasonably necessary for the litigation of this case.[7]

■ Under both state and federal law, Ryther is entitled only to reimbursement for the cost of testifying expert witnesses. Federal law limits witness fees to an attendance fee of $40.00 per day. 28 U.S.C. § 1821(b). The court has more discretion to allow recovery of expert witness fees under Minnesota law. The court concludes that plaintiff may recover all costs associated with the testimony, but not the preparation, of Dr. Jones. However, there is no authority, state or federal, that permits plaintiff to recover fees charged for outside preparation or by a nontestifying expert such as Dr. Childers. The court also concludes that defendants should not be taxed $2,579.30 in fees charged by a jury consultant who helped plaintiff develop the juror questionnaire and assisted in jury selection.

---

6. There is a division of authority as to whether the costs of copies of deposition transcripts are taxable under 28 U.S.C. § 1920. The court notes that the balance seems to tip against taxing costs of deposition copies. Based on a literal and common sense reading of 28 U.S.C. § 1920, however, the court holds that deposition copies are taxable if they were "necessarily obtained for use in the case."

7. The manner in which Ryther's counsel combined charges for various deposition transcripts makes it impossible for the court to identify the cost of items it has deemed nonrecoverable. Ryther's counsel shall submit a revised cost calculation which reflects the ruling of the court within five days of this order. The time expended complying with the court's order shall not be included in the award.

## CONCLUSION

Based on the jury's finding that defendants' willfully violated the ADEA, the court holds that Ryther is entitled to liquidated damages in the amount of $272,444.00. With respect to Ryther's claims under the MHRA, the court adopts the jury's findings on the parallel ADEA claims but declines to award additional damages. The court declines to double or treble the compensatory award. The court also concludes that neither punitive damages or damages for mental anguish and suffering are warranted in this case. Rather, the court finds that Ryther has been fully compensated consistent with the policies of the MHRA.

The court holds that prejudgment interest is not recoverable under the ADEA where liquidated damages are awarded. Because Ryther is not entitled to prejudgment interest on top of the liquidated damages award, the court denies Ryther's request for prejudgment interest of $40,072.55 on the back pay award. As a prevailing party, Ryther is entitled to recover a reasonable sum as attorneys' fees. The court awards the fees sought by Ryther's counsel less 10 percent to reflect the fees expended on the unsuccessful defamation claim. The court also declines to award fees for time Ryther's counsel spent meeting with the media and conferring with a jury consultant. The court also finds that Ryther is entitled to recover reasonable costs incurred in pursuing his case. Except for the items described above, the court approves the bill of costs submitted by Ryther's counsel.

Based on the foregoing and the verdict returned by the jury on September 24, 1993, **IT IS HEREBY ORDERED** that:

1. Judgment is entered against defendants and in favor of plaintiff on the claim of age discrimination under the ADEA.

2. Judgment is entered against defendants and in favor of plaintiff in the amount of $272,444.00 awarded as back pay on the claim of age discrimination under the ADEA.

3. Based on the jury's finding that defendants' violation of the ADEA was willful, judgment is entered against defendants and in favor of plaintiff in the amount of $272,-444.00 awarded as liquidated damages pursuant to 29 U.S.C. § 626(b).

4. Judgment is entered against defendants and in favor of plaintiff in the amount of $443,333.30 awarded as front pay on the age discrimination claim under the ADEA.

5. Based on the findings of the jury, the court holds that defendants violated the MHRA by discriminating against plaintiff because of his age.

6. Judgment is entered against defendants and in favor of plaintiff on the claim of age discrimination under the MHRA. The court declines to award plaintiff additional damages on this claim.

7. Plaintiff is entitled to recover reasonable attorneys' fees in the amount of $276,-314.00.

8. Judgment as a matter of law is entered in favor of defendants on plaintiff's claim of defamation.

9. Based on the verdict returned by the jury on September 24, 1993, judgment is entered in favor of defendants on the claim of retaliation under the ADEA.

10. Based on the jury's findings, the court enters judgment in favor of defendants on the claim of reprisal under the MHRA.

11. Defendants shall pay $1,264,535.00, which includes back pay, front pay, liquidated damages and reasonable attorneys' fees, to plaintiff. Defendants shall also pay plaintiff costs in the amount of $13,700.32.

12. Judgment is entered in favor of plaintiff *nunc pro tunc* as of September 24, 1993, the date the jury verdict was returned. Plaintiff shall be entitled to recover postjudgment interest on the awards of back pay and front pay from that date.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**