**AM PROPERTIES and Dallas Development and Trust, North Carolina Business Trusts, Plaintiffs,**

v.

**TOWN OF CHAPEL HILL, Defendant.**

**No. 1:00CV01097.**

United States District Court, M.D. North Carolina.

May 7, 2002.

David M. Rooks, III, Northern Blue, L.L.P., Chapel Hill, NC, for plaintiff.

Susan K. Burkhart, Cranfill Sumner & Hartzog, Raleigh, NC, for defendant.

## MEMORANDUM OPINION

BEATY, District Judge.

Currently before the Court is Plaintiffs' Motion for Partial Disallowance of Defen-

dant's Bill of Costs [Document #42]. This Motion arises from the Court's decision on December 26, 2001, in which the Court granted Defendant's Motion for Summary Judgment and dismissed Plaintiffs' case in its entirety. Accordingly, Defendant, as the prevailing party, submitted its Application for Costs (hereinafter "Bill of Costs") [Document #41] pertaining to the case to the Court on January 25, 2002. Objecting to several of the claimed costs, Plaintiffs now bring this Motion requesting that certain of Defendant's requested costs be disallowed.

## I. DISCUSSION

### A. Standard of Review for Taxation of Costs

Under Rule 54(d) of the Federal Rules of Civil Procedure, the prevailing party in a lawsuit is generally entitled to "costs other than attorneys' fees." Fed.R.Civ.P. 54(d). In order to define which costs may be taxed against a losing party, courts generally refer to 28 U.S.C. § 1920 (" § 1920"), which provides:

§ 1920 Taxation of costs

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385, 391 (1987), the Supreme Court held that federal courts are limited to assessing only those costs enumerated under § 1920. However, it is generally accepted that courts are free to interpret the meaning of the costs stated within § 1920. *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176–77 (9th Cir.1990) (holding that courts are free to interpret what constitutes taxable costs after *Crawford*), *cert. denied*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991); *West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1238 (5th Cir.1988) ("[*Crawford*] limits judicial discretion with regard to the kind of expenses that may be recovered as costs; it does not, however, prevent courts from interpreting the meaning of the phrases used in § 1920."). Consistent with the discretion to interpret the taxable items enumerated in § 1920, a district court has the power to further delineate by local rules those expenditures that may be taxed as costs as long as the district court's interpretation is consistent with the applicable federal statutes and rules. For this purpose, Local Rule 54.1 of the Local Rules of Civil Practice of the United States District Court for the Middle District of North Carolina provides:

(c) Taxable Costs.

(1) Items normally taxed include, without limitation:

(i) Those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily ob-

tained for use in the litigation) normally include only the reporter's attendance fee and charge for one transcript of the deposition.

(ii) Premiums on required bonds.

(iii) Actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district.

(iv) One copy of the trial transcript for each party represented by separate counsel.

N.C.M.D. Local R. 54.1(c). However, Local Rule 54.1(c) also specifies that certain costs will not normally be taxed:

(2) Items normally not taxed include, without limitation:

(i) Witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties.

(ii) Copies of depositions.

(iii) Daily copy of trial transcripts, unless prior court approval has been obtained.

*Id.*

In their Brief Supporting their Motion to Disallow Costs, Plaintiffs assert that several items contained in Defendant's Bill of Costs are not authorized costs and should be disallowed. More specifically, Plaintiffs object to the following itemized expenses in Defendant's Bill of Costs: $880.04 for copies necessarily obtained for use in the case; $34.73 for photographs;

$164.45 for Westlaw computer research; $114.74 for Federal Express, Express Mail, and postage; $74.00 for telecopying charges; and $128.68 for travel expenses. (Pls.' Brief Supp. Mot. for Partial Disallowance of Defendant's Bill of Costs.) Furthermore, Plaintiffs challenge Defendant's requested $475.00 for mediator costs and Defendant's request for $1,459.95 in court reporter fees to the extent that the sum exceeds the cost of the "court reporters' attendance fees and the cost of one transcript of each deposition."[1] (Pls.' Mot. for Partial Disallowance of Bill of Costs.) In addressing each of these objections in turn,[2] the Court will refer to the standard established by courts that have interpreted Rule 54(d) and the items enumerated in 28 U.S.C. § 1920 and Local Rule 54.1(c).

## B. Fees for Copying and Photographs

■ Plaintiffs contend that Defendant, whose Bill of Costs includes a request for $880.04 of photocopying expenses and $34.73 for photograph expenses, should not be able to recover these expenses. Plaintiffs assert that these costs are merely overhead expenditures incurred by Defendant's counsel and hence are not taxable costs. The Court disagrees with Plaintiffs, however, to the extent that Plaintiffs argue that all photocopying expenses are not taxable costs. Both 28 U.S.C. § 1920(4) and Local Rule 54.1 specify that taxable costs include "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Although the statute does not explicitly address

---

**1.** Plaintiffs did not address their objections to Defendant's request for the mediator fees, court reporter fees, and transcript fees in their Brief Supporting their Motion for Disallowance. Nevertheless, because Plaintiffs did raise these objections in the Motion itself, the Court will also examine these costs.

**2.** Plaintiffs do not dispute that Defendant's request for $150.00 for fees to the Clerk of the United States District Court for the Middle District of North Carolina ("Clerk of the Court") is a taxable cost.

costs for photographs utilized in the lawsuit, courts have broadly interpreted "copies of papers" to also encompass necessary photography costs. *See, e.g., Cleveland v. North Am. Van Lines, Inc.,* 154 F.R.D. 37, 38–39 (N.D.N.Y.1994); *Bd. of Dirs., Water's Edge v. Anden Group,* 135 F.R.D. 129, 137 (E.D.Va.1991). Accordingly, Defendant's requests for photocopying and photograph expenses are taxable as long as they are necessarily obtained for use in the case, and Plaintiffs do not assert that these expenses were not necessary to the case. The Court will therefore allow Defendant's costs for photocopying and photograph expenses, as reported in its Bill of Costs.

### C. Travel Reimbursement

■ Plaintiffs also challenge Defendant's request for $128.68 as reimbursement for travel expenses. Defendant's Bill of Costs specifies that the $128.68 is to reimburse Defendant for "necessary travel" involving three trips taken by Defendant's counsel, Susan K. Burkhart, one trip taken by an individual named "Cathi J. Hunt", and one trip taken by an individual named "Leigh Ann G. Smith."

To the extent that Defendant attempts to recoup the travel expenses of its counsel, it is the Court's determination that this expense is not taxable. Pursuant to Local Rule 54.1(c)(2)(ii), the transportation costs for real parties of interest are not taxable costs. N.C.M.D. Local R. 54.1(c)(2)(ii). Accordingly, given that the transportation costs for the parties are not normally taxable costs, the Court concludes that similar transportation costs for the parties' counsel are also not taxable. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.,* 952 F.Supp. 415, 418 (N.D.Tex.1997) ("[T]ravel expenses of attorneys are not recoverable under § 1920.").

■ As to the travel expenses of the remaining two individuals, Ms. Hunt and Ms. Smith, Defendant's Bill of Costs does not identify these individuals' involvement with the case. The Court notes, however, that under Local Rule 54.1(c), the only travel expenses that are authorized taxable costs are those travel costs incurred by necessary witnesses. N.C.M.D. Local R. 54.1(c)(1)(iii). As Defendant has not indicated that Ms. Hunt and Ms. Smith were necessary witnesses to the case, the Court finds that these expenses are not taxable. The Court will therefore reduce Defendant's Bill of Costs by the entire $128.68 that Defendant attributed to necessary travel expenses for Ms. Burkhart, Ms. Hunt, and Ms. Smith.

### D. Westlaw Expenses

■ Plaintiffs also object to Defendant's inclusion of $164.45 on its Bill of Costs that it attributed to "compensation for Westlaw usage." (Def.'s Application of Costs at 1.) In reviewing Plaintiffs' objection, the Court first notes that the cost of legal research services is not listed as an allowable expense in either the Local Rules or 28 U.S.C. § 1920. Furthermore, the Court finds that the cost of legal research is more properly characterized as a component of attorneys' fees, not as a taxable cost of litigation. *United States v. Merritt Meridian Constr. Corp.,* 95 F.3d 153 (2d Cir.1996) (holding that attorneys' fees would include expenses for computerized legal research and thus not allowing computerized legal research as a separate taxable cost); *Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chicago,* 38 F.3d 1429, 1440–41 (7th Cir.1994) (holding that the costs of computerized research should be characterized not as taxable costs but as attorneys' fees); *Jones v. Unisys Corp.,* 54 F.3d 624, 633 (10th Cir.1995); *Leftwich v. Harris–Stowe State Coll.,* 702 F.2d 686,

695 (8th Cir.1983) (holding that the costs of computerized research was a component of attorneys' fees that "cannot be independently taxed as [an] item of cost"). The Court therefore finds that Defendant's expenditures on computer-assisted legal research is not a taxable cost and Defendant's bill of costs shall be reduced by $164.45.

### E. Fees for Postage, Express Mail, Federal Express, and Telecopies

■ Plaintiffs also object to Defendant's request for reimbursement of $74.00 for telecopying charges and $114.74 for Federal Express, Express Mail, and postage charges. As with the previously discussed contested costs, the Court first consults 28 U.S.C. § 1920 and the Local Rules and notes that neither source explicitly lists mailing expenses as a taxable cost. Furthermore, courts have generally not allowed the inclusion of mailing expenses as a taxable cost, absent special circumstances. *Matter of Penn Central Transp. Co.*, 630 F.2d 183, 192 (3d Cir.1980) (holding that courier and messenger costs are not taxable costs); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir.1975) (finding that charges for telephone calls and postage are not ordinarily recoverable as costs); *Hollenbeck v. Falstaff Brewing Corp.*, 605 F.Supp. 421, 439 (E.D.Mo.1984) (holding that Federal Express costs, telephone expenses, and postage expenses did not qualify as taxable costs); *El–Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C.1995) (noting that "the overwhelming weight of authority" has "declined to award costs for courier services, postage, telephone or fax charges"); *Embotelladora Agral Regiomontana*, 952 F.Supp. at 418 (holding that postage charges and telecopy charges are not taxable costs). As Defendant has not presented the Court with specific information about the nature or necessity of these expenses, the Court finds that Defendant's broad request does not demonstrate any special circumstances that would justify classifying the telecopy, Federal Express, Express Mail, and postage expenses as taxable costs. Accordingly, the Court will reduce Defendant's bill of costs by the $188.74 requested for Federal Express, Express Mail, postage, and telecopying expenses.

### F. Mediator Costs

■ In their Motion for Partial Disallowance of Defendant's Bill of Costs, Plaintiffs assert that the $475.00 in mediator fees paid by Defendant is not a taxable cost. However, as mentioned above, Plaintiffs do not further pursue this argument in their Brief. The Court notes, nevertheless, that mediator fees are not referenced as taxable costs in either 28 U.S.C. § 1920 or Local Rule 54.1. Furthermore, the Court has not found or been provided with any authority suggesting that the cost of a mediator is a taxable expense. *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir.2001) ("[N]othing in 28 U.S.C. § 1920 provides for the cost of a mediator."); *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1300 (M.D.Fla. 2000) (refusing to tax mediation costs when prevailing party cited no legal authority to justify such an expense); *UNI–Systems, Inc. v. Delta Air Lines, Inc.*, 2002 WL 505914, *4 (D.Minn. Mar.28, 2002) ("The Court does not read § 1920 to allow taxation of miscellaneous mediation fees"); *Wayne v. Dallas Morning News*, 2000 WL 343188, *3 (N.D.Tex. Mar.31, 2000) (holding that mediation costs are not compensable), *aff'd.*, 226 F.3d 641 (5th Cir. 2000). Accordingly, notwithstanding Plaintiffs' concession, the Court holds that the compensation for the mediator is not taxable, and Defendant's Bill of Costs shall be reduced by $475.00.

### G. Court Reporter and Transcript Fees

In addition to the costs discussed above, Defendant also requests $1,459.95 for court reporter fees and deposition transcripts. Such an expense can be a taxable cost under Local Rule 54.1, which states that the taxable costs incident to depositions will "normally include only the reporter's attendance fee and charge for one transcript of the deposition." N.C.M.D. Local R. 54.1(c)(1)(i). The Court notes that Plaintiffs do not clearly indicate that they challenge Defendant's request of $1,459.95 for costs. Although Plaintiffs in their Motion for Disallowance object to the extent that the amount Defendant requested for court reporter and transcript fees exceeds the sum of "the court reporters' attendance fees and the cost of one transcript of each deposition," Plaintiffs do not further assert that Defendant's request for Court Reporter fees and deposition transcripts violates Local Rule 54. (Pls.' Mot. for Partial Disallowance of Bill of Costs.) Furthermore, Plaintiffs in their Brief Supporting their Motion for Disallowance state that Defendant's requested "fees to the

court reporter ... fairly fall within Local Rule 54.1(c) and established practice", and acknowledge that the full $1,459.95 that Defendant requested for court reporter and transcript fees is a taxable cost.[3]

■ Although Plaintiffs do not present the Court with any specific objections to Defendant's request for court reporter and deposition transcript fees, the Court will nevertheless briefly review Defendant's request for court reporter and deposition transcript fees to ensure that it satisfies 28 U.S.C. § 1920 and Local Rule 54.1. In support of its request for $1,459.95, Defendant presents a copy of its billing records that indicates that a total of $767.15 spent on court reporting fees and transcripts from CAS Court Reporting Services. Defendant also presents a copy of an additional invoice for $692.80 from CAS Court Reporting Services.[4] As Plaintiffs do not inform the Court of any objections to Defendant's documentation for its court reporter and transcript expenses, the Court therefore holds that the sum of $1,459.95 is properly taxable under Local Rule 54.1. Defendant shall therefore recover as taxable costs the entire $1,459.95 that it requests for court reporter and deposition transcript fees.

3. Plaintiffs in their Brief state that they do not object to "the inclusion of ... fees to the court reporter." (Pls.' Brief Supp. Mot. for Partial Disallowance of Bill of Costs.) Plaintiffs further state that Defendant is entitled to $2,084.95 in costs, which is the sum of Defendant's request for $150.00 in court fees, $475.00 in mediator fees, and the $1,459.95 requested for court reporter and deposition transcript fees. *Id.* However, as discussed above, the Court has determined that the mediator fees are not taxable to Plaintiffs.

4. The Court notes that, at first glance, the invoice submitted from CAS Court Reporting Services might appear inconsistent with Local Rule 54.1. More specifically, although Local Rule 54.1 establishes that only one transcript for each deposition is a properly taxable cost, the CAS Court Reporting Services Invoice

indicates that the $692.80 charge is for the "original and one copy of [the] Rogers, William D [deposition]." However, the Court is aware that certain court reporting services will, as a general practice, provide the deposing party with an extra copy of the deposition transcript, in addition to the original transcript, at no extra cost. *See, e.g., Blevins v. Heilig–Meyers Corp.*, 184 F.R.D. 663, 667–68 (M.D.Ala.1999). The Court further notes that Plaintiffs in their Brief Supporting their Motion for Partial Disallowance have not raised any specific objection to the entire $692.80 claim. As Plaintiffs have not objected to the CAS Court Reporting Services Invoice, the Court will conclude that Defendant's request for $692.80 is a correct assessment of the appropriate taxable costs connected to the Rogers Deposition.

## 458

### II. CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Disallow Costs is GRANTED in part and DENIED in part. Specifically, the Court finds that the costs Defendant claims as travel expenses are not taxable to Plaintiffs. Therefore, the Court will reduce Defendant's Bill of Costs by $128.68. The Court also finds that Defendant's Westlaw computer research fees are not taxable costs. To reflect this ruling, Defendant's Bill of Costs will be reduced by $164.45. Additionally, the Court has determined that Defendant's Federal Express, postage, Express Mail, and telecopying charges are not taxable costs and the Court will therefore reduce Defendant's Bill of Costs by $188.74. Furthermore, the Court has determined that Defendant's share of the mediator costs is not taxable, resulting in a deduction of $475.00 from Defendant's Bill of Costs. Defendant's remaining items on its Bill of Costs, including its request for reimbursement for $914.77 as compensation for copies and photographs necessary for use in the case, its request for $1,459.95 as court reporter and deposition transcript fees, and its request for $150.00 for fees paid to the Clerk of the Court, are properly taxed to Plaintiffs.

In light of the Court's decisions on the above matters, Defendant's Bill of Costs, which initially requested a sum of $3,481.59, will be reduced by a total of $956.87. Accordingly, the costs recoverable by Defendant and taxed against Plaintiffs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920 will be $2,524.72. An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.