**Hassan EL–FADL, Plaintiff,**

**v.**

**CENTRAL BANK OF JORDAN, et al., Defendants.**

Civ. A. No. 93–1895 (RMU/PJA).

United States District Court, District of Columbia.

Oct. 3, 1995.

Frederick R. McDermott, Brockton, MA, Sam W. Burgan, Washington, DC, for Plaintiff.

Christopher M. Curran, John J. Vecchione, Washington, DC, for Defendants.

### *MEMORANDUM ORDER*

ATTRIDGE, United States Magistrate Judge.

Pending before the Court is the defendants' motion to retax costs. On June 8, 1995, the Court directed the Clerk of the Court to tax costs in this case pursuant to Local Rule 214(c), [58]. On August 28, 1995, the bill of costs were taxed by the Clerk of the Court pursuant to Local Rule 214(d) in

favor of the defendants in the total amount of $440.00 representing $120.00 for clerk's fees and $300.00 for copying costs. On September 1, 1995, the defendants filed a motion to tax additional costs pursuant to Local Rule 214(e), [59].

The defendants seek additional costs of $15,176.69. These costs consist of $5,423.24 for "printing and disbursements (internal word processing costs)": $106.50 for courier services; $543.11 for express mail; $6.42 for postage; $8,595.18 for "computer legal research"; $102.99 for telephone calls to Jordan; and $499.25 for telex and facsimile.

Section 1920 of Title 28 provides for the taxing of six categories of expenses and Federal Rule Civil Procedure 54(d) authorizes the taxing "as of course to the prevailing party unless the court directs otherwise." Misquoting and taking out of context the first portions of the rule, the defendants contend that the authorities cited by them support the imposition of additional costs against the plaintiff because of their meritless claim. Def's. motion at 4. The motion is denied.

### Presenting Fees and Disbursements

■ The defendants seek recovery of word processing expenses under the guise of printing fees. Counsel for the defendants infer, but do not state, that the pleadings, briefs and motions filed in this case "in response to the plaintiff's complaints and motions" were billed separately to their clients. If so, it is a highly unusual financial arrangement. Word processor generated pleadings are no different from those produced by typewriter except in quality. At the time of the enactment of § 1920 typewritten pleading were the norm and not deemed printed documents nor should word processor generated documents be deemed printed documents as that term is used in § 1920. *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C.1983) relied on by the defendants is totally inapposite. *Laffey* involved a fee shifting statute whose purpose is "to encourage private litigants to act as 'private attorney's general' on behalf of enforcement of the civil rights laws." *Id.* at 11. The defendants espouse no such noble goals. They are limited solely to costs normally taxed under § 1920. The costs of a word processor,

printer and paper are part of the overhead of any modern law office just as the typewriter and carbon paper were the "printing machines" of a past generation. The recovery for word processing charges under the guise of printing charges is disallowed as outside the scope of § 1920. *Corsair Asset Management, Inc. v. Moskovitz, et al.*, 142 F.R.D. 347, 351 (D.Ga.1992).

### Courier Services, Express Mail, Postage, Telephone, Telex and Facsimile

■ Citing *Burda v. M. Ecker Co.*, 2 F.3d 769 (7th Cir.1993) as authority, the defendants seek the sum of $2,258.27 as reimbursement for courier, mail, telephone and fax costs. The *Burda* case involved an award of Rule 11 sanctions against a plaintiff and his two attorneys. To the extent it relied on 28 USC § 1920 and Fed.R.Civ.P. 54(d), it is dicta and this Court declines to follow it as authority to impose an award of those costs since they are not authorized by § 1920 or any other statutes. *See: Massachusetts Fair Share v. Law Enforcement*, 776 F.2d 1066, 1069 (D.C.Cir.1985); *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 224 (D.C.Cir.1984). Moreover, the overwhelming weight of authority have declined to award costs for courier services, postage, telephone or fax charges. *In re Penn Central Transportation Co.*, 630 F.2d 183, 192 (3rd Cir.1980); *Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209, 217 (7th Cir.1975) (citations omitted); *Nugget Distributors Cooperative v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D.Pa.1992); *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 351 (N.D.Ga.1992); *Sierra Club v. Marsh*, 639 F.Supp. 1216, 1225 (D.Me.1986); *Wolfe v. Wolfe*, 570 F.Supp. 826, 828–29 (D.S.C.1983); *Womens Services, P.C. v. Douglas*, 567 F.Supp. 529, 532 (D.Neb.1982); *NAACP v. Donovan*, 554 F.Supp. 715, 719–20 (D.D.C. 1982); *U.S. v. Bedford Associates*, 548 F.Supp. 748, 753 (S.D.N.Y.1982); *Goddard v. Babbitt*, 547 F.Supp. 373, 377 (D.Ariz.1982).

### Computer Legal Research

■ The defendants contend that courts have taxed as costs the expenses of computer legal research. As authority for this proposi-

tion, the defendants rely on *Terry Properties, Inc. v. Standard Oil Co.*, 799 F.2d 1523 (11th Cir.1986); *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3rd Cir.1980) and *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706 (N.D.Ill.1982). However, each of these cases involved fee shifting statutes outside the stricker limits of § 1920. Legal research whether computer generated or manually performed by means of digests, legal texts, articles or books is still research which is more properly considered as part of an attorney's fee and not a cost. Therefore, this item will not be taxed as a cost. "Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database.... In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee. Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to research more quickly and efficiently. If this research had been done manually ... nobody would dispute that the attendant fees would be properly classified as attorney fees and not costs." *Haroco, Incorporated v. American National Bank and Trust Company of Chicago*, 38 F.3d 1429, 1440 (7th Cir.1994).

The defendant also urges that under § 1920, the "Court has the power to grant" these costs. Def's. mot. at 6. In support of that statement, the defendants rely on a case from the Fifth Circuit Court of Appeals and a decision of the United States District Court for the Southern District of New York. However, both these cases were decided before the Supreme Court's opinion in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). In the *Crawford* case, the Court admonished that "(t)he comprehensive scope of (§ 1920) and the particularity with which it is drafted, demonstrated to us that Congress meant to impose rigid controls on cost-shifting in federal courts." *Id.* at 444, 107 S.Ct. at 2499. Thus, the Court does not have the power unless Congress gives it. Section 1920 makes no provision for the shifting of computer related research costs.

## Conclusion

For the reasons stated, the defendants' motion to tax additional costs is denied.

So Ordered.