**EMBOTELLADORA AGRAL REGIOMONTANA, S.A. de C.V., et al., Plaintiffs,**

v.

**SHARP CAPITAL, INC. and Endispute, Inc., Defendants.**

**No. CA3:96–CV–1600–BC.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 17, 1997.

---

Molly Steele, Elizabeth Joy Surratt, Thompson & Knight, Dallas, TX, for Embotelladora Agral Regiomontana, S.A. de C.V., Agral Arrendadora, S.A. de C.V., Agral Comisionista Y Distribuidora, S.A. de C.V. and Agral Inmobiliaria, S.A. de C.V.

Joanne Early, Gardere & Wynne, Dallas, TX, for Sharp Capital, Inc.

Ophelia S. Camina, Mark Alan Evetts, Susman Godfrey, Dallas, TX, David G. Samuels, Butler Fitzgerald & Potter, New York City, for Endispute, Inc.

### MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Before the court are the **Objections of Plaintiffs to Defendant's [Sharp Capital, Inc.] Bill of Costs,** filed September 9, 1996, and **Plaintiffs' Objection to Endispute's Bill of Costs,** filed September 18, 1996. Having read the pertinent pleadings the undersigned **GRANTS** plaintiffs' objections to Endispute's bill of costs and **DENIES** plain-

tiffs' objections to Sharp Capital's bill of costs for the reasons that follow.

## I. Background

On July 31, 1996, pursuant to 28 U.S.C. § 636(c) and the consent of the parties, the undersigned conducted the final trial on plaintiffs' Motion to Compel Arbitration. Before the American Arbitration Association. On August 26, 1996, the court entered judgment denying the motion and ordered taxable costs of court to be assessed against plaintiffs. *See* **Final Judgment, filed August 26, 1996.**

On August 28, 1996, defendant Sharp Capital filed its bill of costs totalling $3,823.92 with the clerk of the district court. By motion filed September 9, 1996, plaintiffs object to Sharp's request for court reporter's fees in the amount of $2,895.50 for transcripts of the Michael Young deposition. On September 9, 1996, defendant Endispute filed its bill of costs totalling $1,451.87. By motion filed September 18, 1996, plaintiffs object to the following charges included in Endispute's bill of costs: (1) telecopy charges; (2) Federal Express charges; (3) postage charges; (4) computer research charges; (5) mileage/parking charges; (6) long distance charges; and (7) courier charges.

## II. Analysis

■ Unless the court otherwise directs, costs are awarded to a prevailing party as a matter of course pursuant to Federal Rule of Civil Procedure 54(d). The express provisions of 28 U.S.C. § 1920, however, limit the court's discretion in taxing costs against an unsuccessful claimant. The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442, 107 S.Ct. 2494, 2498, 96 L.Ed.2d 385, 391 (1987); *Fogleman v. ARAMCO,* 920 F.2d 278, 285 (5th Cir.1991). The statute enumerates the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 ...;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828....

28 U.S.C. § 1920 (West 1994). Plaintiffs' objections to each defendant's bill of costs will be considered in turn.

### a. Defendant Sharp Capital's Bill of Costs

In its bill of costs, Sharp seeks $2,895.50 for court reporters' fees for transcripts of the depositions of Cesar Polendo and Michael Young. Plaintiffs object, contending that plaintiff Embotelladora paid for the original and one copy of the Young deposition transcript, and that Sharp did not produce any evidence or invoice showing that Sharp incurred any expenses for the Young deposition transcript.[1]

■ Generally, copies of deposition transcripts are taxable costs if they are obtained for use in the case or for trial preparation, and not simply for the convenience of counsel. *Fogleman,* 920 F.2d at 285; *Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 134 (5th Cir.1983). Furthermore, in the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case. *Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 439 (E.D.Mo.), *aff'd,* 780 F.2d 20 (8th Cir.1985). In their response to plaintiffs' opposition, defendant Sharp capital produced three invoices totalling $2,895.50, including an invoice for costs related to the Polendo deposition, an invoice for costs related to the Young deposition held on July 19, 1996, and an invoice for costs related to the Young deposition held on July 26, 1996. The

---

1. Plaintiffs do not contest the Polendo deposition expenses in the amount of $626.50.

court concludes that plaintiffs' objection requesting that Sharp's bill of costs be reduced should be denied.

### b. Defendant Endispute's Bill of Costs

In its bill of costs, Endispute seeks $1,451.87 for the following expenses: photocopy charges, telecopy charges, Federal Express charges, postage charges, computer research charges, mileage/parking charges, long distance charges, and courier charges. Plaintiffs object, contending that only the photocopy charges are taxable under 28 U.S.C. § 1920. The court will examine each of Endispute's costs to which plaintiffs object.

### 1. Telecopy charges, Federal Express charges, postage charges, long distance charges, travel expenses, and courier charges.

■ Endispute seeks reimbursement for several expenses related to the mailing, transmission, or delivery of documents, and telephone expenses. Postage is not included in section 1920 and is not recoverable as a cost. 28 U.S.C. § 1920; *El–Fadl v. Central Bank of Jordan,* 163 F.R.D. 389, 390 (D.D.C. 1995) (citing cases). Telecopy expenses, express delivery charges, and telephone expenses, like postal expenses, are not listed in the statute and represent "overhead" costs, not litigation costs. *Id.; see also Hollenbeck,* 605 F.Supp. at 439; *Cody v. Private Agencies Collaborating Together, Inc.,* 911 F.Supp. 1, 6 (D.D.C.1995); *In re the Glacier Bay,* 746 F.Supp. 1379, 1394 (D.Alaska 1990); *Thomas v. Treasury Management Ass'n,* 158 F.R.D. 364, 372 (D.Md.1994); *Ezelle v. Bauer Corp.,* 154 F.R.D. 149, 155 (S.D.Miss.1994).

■ Finally, Endispute also seeks $12.00 in mileage and parking costs. As with the expenses listed above, the travel expenses of attorneys are not recoverable under § 1920. *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654; *Roche v. City of Normandy,* 566 F.Supp. 37, (E.D.Mo.1983). On the other hand, necessary expenses for witnesses who appear at trial, including fees and travel allowance, are permissible. *Olga's Kitchen of Hayward, Inc. v. Papo,* 108 F.R.D. 695, 712 (E.D.Mich.1985), *aff'd in part, rev'd in part on other grounds,* 815 F.2d 79, 1987 WL 36385 (6th Cir.1987); *see also Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 65 (5th Cir.1994); *Nissho–Iwai Co. v. Occidental Crude Sales,* 729 F.2d 1530, 1551–52 (5th Cir.1984). In this case, the mileage/parking item is included in a list of general overhead expenses and there is no indication that the charge is for an allowable witness expense. The court therefore concludes that plaintiffs' objection should be granted · and these charges should be subtracted from Endispute's bill of costs.

### 2. Computer Research Charges

■ Endispute also seeks reimbursement for computer research charges in the amount of $467.24. The Fifth Circuit has yet to address whether computer-assisted research is taxable under section 1920; other circuits differ in their treatment of this type of cost. *See Jones v. Unisys Corp.,* 54 F.3d 624, 633 (10th Cir.1995) (holding computer research not taxable under § 1920); *Haroco v. American Nat'l Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1440 (7th Cir.1994) (holding computer assisted research is included as a attorney's fee but not as a cost under § 1920); *Wehr v. Burroughs Corp.,* 619 F.2d 276, 285 (3rd Cir.1980) (holding computer research recoverable in the prevailing party's bill of costs).

■ The Court finds that computer-assisted research is not recoverable under 28 U.S.C. § 1920. Research, whether conducted on a computer or in a library, is simply not a cost enumerated under section 1920. Moreover, as noted by the Seventh Circuit, computer-aided legal research is "more akin to awards under attorney's fees than under costs." [2] *Haroco,* 38 F.3d at 1440. The same can be said for a research service company. The services offered by computer software companies or by specialized research companies have the effect of replacing the hours

---

**2.** Attorney's fees are not recoverable under section 1920. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 759, 100 S.Ct. 2455, 2460, 65 L.Ed.2d 488 (1980).

traditionally billed by the attorney. *Id.; see also Ryther v. KARE 11,* 864 F.Supp. 1525, 1534 (D.Minn.1994). The court therefore concludes that plaintiffs' motion should be granted and computer research charges should be deducted from Endispute's bill of costs.

### III.   Conclusion

For the reasons stated above, the court **ORDERS** that Objections of Plaintiffs to Defendant's [Sharp Capital, Inc.] Bill of Costs be **DENIED**. Accordingly, the court further **ORDERS** plaintiffs pay Defendant Sharp Capital, Inc.'s Bill of Costs, filed August 28, 1996, in its entirety ($3,823.92).

With regard to Defendant Endispute, Inc.'s Bill of Costs, filed September 9, 1996, the court **ORDERS** that **Plaintiffs' Objection to Endispute's Bill of Costs** be **GRANTED**. Specifically, Endispute's costs for telecopy charges ($105.44), Federal Express charges ($288.64), postage charges ($6.80), computer research charges ($467.24), mileage/parking charges ($12.00), long distance charges ($152.35), and courier charges ($79.00) are deducted from Endispute's bill of costs. The court thus **ORDERS** plaintiffs to pay the photocopy charges of Endispute in the amount of $340.00.