**Jonathan M. YASUI, Plaintiff,**

**v.**

**MAUI ELECTRIC CO., LTD.; International Brotherhood of Electric Workers, Local 1260; Doe Unions 1–10; and Doe Corporations 1–10, Defendants.**

**Civil No. 98–00544 SOM/BMK.**

United States District Court,
D. Hawaii.

Dec. 22, 1999.

Venetia K. Carpenter–Asui, Honolulu, HI, for Jonathan M. Yasui.

Roman F. Amaguin, Torkildson Katz Fonseca Jaffe & Moore, Honolulu, HI, for Maui Electric Co., Ltd.

Rebecca L. Covert, Takahashi Masui & Vasconcellos, Honolulu, HI, for International Brotherhood of Electrical Workers, Local 1260.

## ORDER REGARDING COSTS

MOLLWAY, District Judge.

### I. INTRODUCTION.

Jonathan M. Yasui ("Yasui") alleged that he was wrongfully terminated by Defendant Maui Electric Company, Ltd. ("Maui Electric") and that Defendant International Brotherhood of Electrical Workers, Local 1260 ("IBEW") did not properly represent him in subsequent grievance procedures. On September 21, 1999, this court granted summary judgment in favor of Maui Electric and IBEW on all of Yasui's claims. On September 30, 1999, IBEW filed a Bill of Costs in which it requested $4,784.58 in costs. On October 6, 1999, Maui Electric filed a Bill of Costs in which it requested costs in the amount of $11,634.01. Yasui objected to these bills of costs on October 20, 1999.

Pursuant to 28 U.S.C. § 1920, this court finds that Defendants are entitled to costs

of $3,481.98 and $5,776.16, respectively. However, given Yasui's financial and health conditions, this court reduces those amounts to $2,500 each.[1]

## II. ANALYSIS.

Under Rule 54(d), costs are allowed as of course to the prevailing party unless the court otherwise directs. Fed.R.Civ.P. 54(d); *see Trans Container Servs. (Basel) A.G. v. Security Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir.1985). The trial judge has wide discretion in awarding costs under Rule 54(d). *Id.* (trial judge can deny costs to prevailing party in its discretion as long as the court indicates its reasons); *K–S–H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir.) ("trial court has wide discretion in awarding costs"), *cert. denied*, 396 U.S. 825, 90 S.Ct. 69, 24 L.Ed.2d 76 (1969).

As the prevailing parties, IBEW and Maui Electric are entitled to costs, but not to the extent they claim. Courts do not have discretion under Fed.R.Civ.P. 54(d) to tax whatever costs seem appropriate. Rather, courts may tax only those costs defined in 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir.1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)), *cert. denied*, 502 U.S. 812, 112 S.Ct. 61, 116 L.Ed.2d 36 (1991). Section 1920 permits this court to tax the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of the title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

IBEW seeks taxation of $4,784.58 in costs, itemized as follows:

A. Fees for Court Reporters:
| | |
|---|---|
| 1. Jonathan Yasui Deposition | $468.75 |
| 2. Jonathan Yasui Deposition | $445.31 |
| 3. Gary Brito Deposition | $306.25 |
| 4. Michael McInerny Deposition | $320.78 |
| 5. Gary Vinge Deposition | $364.95 |
| 6. Herbert Glassen Deposition | $535.26 |
| 7. Bonnet and Wachi Depositions | $532.91 |
| 8. Arthur Takabayashi Deposition | $393.23 |
| SUBTOTAL | **$3,367.44** |

B. Fees for Exemplification and Copies of Papers:
| | |
|---|---|
| 1. 12/16/98 Professional Image | $ 5.00 |
| 2. 3/29/99 Professional Image | $ 11.42 |
| 3. 4/7/99 Professional Image | $ 98.12 |
| 4. In-house Copying | $1,193.40 |
| SUBTOTAL | **$1,307.94** |

C. Other Costs:
| | |
|---|---|
| 1. Audio Media, Inc. | $ 36.40 |
| 2. Postage | $ 14.78 |
| 3. Fees for Courier Service: | |
| a. 4/1/99 City Express | $ 6.20 |
| b. 4/1/99 City Express | $ 6.20 |
| c. 8/16/99 City Express | $ 22.81 |
| d. 8/16/99 City Express | $ 22.81 |

---

**1.** This court decides this matter without a hearing. *See generally* Local Rule 7.2(d) ("The court, in its discretion, may decide any motion without a hearing").

|                                   |            |
|-----------------------------------|-----------:|
| Subtotal of Courier Costs         | $ 58.02    |
| SUBTOTAL                          | $109.20    |
| **TOTAL**                         | $4,784.58  |

Maui Electric seeks taxation of $11,634.01 in costs, itemized as follows:

| A. Fees for Court Reporters:              |             |
|-------------------------------------------|------------:|
| 1. Jonathan Yasui Deposition              | $802.29     |
| 2. Jonathan Yasui Deposition              | $712.29     |
| 3. Gary Brito Deposition                  | $306.25     |
| 4. Michael McInerny Deposition            | $320.78     |
| 5. Gary Vinge Deposition                  | $364.95     |
| 6. Herbert Glassen Deposition             | $535.26     |
| 7. Bonnet and Wachi Depositions           | $513.96     |
| 8. Arthur Takabayashi Deposition          | $393.23     |
| SUBTOTAL                                  | $3,949.01   |

| B. Fees for Exemplification and Copies of Papers: |             |
|---------------------------------------------------|------------:|
| 1. In-house Copying                               | $2,329.80   |
| 2. Professional Image                             | $ 88.71     |
| SUBTOTAL                                           | $2,418.51   |

| C. Other Costs:                          |             |
|------------------------------------------|------------:|
| 1. In-house Facsimile Transmissions      | $388.00     |
| 2. Computer Research                     | $4,131.11   |
| 3. Long Distance Phone Calls             | $ 27.73     |
| 4. Process Servers                       | $555.00     |
| 5. Federal Express                       | $ 16.25     |
| 6. Parking Fee at Airport                | $ 7.00      |
| 7. Airline Tickets                       | $100.00     |
| 8. Notary Charge                         | $ 55.00     |
| 9. Audio Media, Inc.                     | $ 36.40     |
| SUBTOTAL                                 | $5,266.49   |
| **TOTAL**                                | $11,634.01  |

### A. *IBEW's Bill of Costs.*

#### 1. *Court Reporter Fees.*

■ IBEW seeks court reporter fees in the amount of $3,367.44, as follows:

|    |                                  |            |
|----|----------------------------------|-----------:|
| 1. | Jonathan Yasui Deposition        | $468.75    |
| 2. | Jonathan Yasui Deposition        | $445.31    |
| 3. | Gary Brito Deposition            | $306.25    |
| 4. | Michael McInerny Deposition      | $320.78    |
| 5. | Gary Vinge Deposition            | $364.95    |
| 6. | Herbert Glassen Deposition       | $535.26    |
| 7. | Bonnet and Wachi Depositions     | $532.91    |
| 8. | Arthur Takabayashi Deposition    | $393.23    |
|    | **TOTAL**                        | $3,367.44  |

Fees incurred obtaining deposition transcripts may be recovered under 28 U.S.C. § 1920(2). *See Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir.1998) ("Deposition costs are taxable if they are reasonably necessary for trial"); *Association of Flight Attendants, AFL–CIO v. Horizon Air Industries, Inc.,* 976 F.2d 541, 551 (9th Cir.1992); *Alflex Corp.,* 914 F.2d at 177–78. Such costs are recoverable only if necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(2).

■ Rebecca L. Covert, attorney for IBEW, declared under penalty of perjury

that the deposition costs requested were necessarily incurred in this action. Bill of Costs (Sept. 30, 1999). Yasui argues, on the other hand, that the deposition costs were not necessarily incurred because the "motions for summary judgment were granted due to: 1) expired statutes of limitations, and 2) failure to raise a genuine issue of fact." Opposition at 6. This court disagrees with Yasui. Yasui's deposition was relied on to determine when Yasui knew or should have known about his causes of action. The other depositions were examined to determine whether genuine issues of fact existed. Accordingly, IBEW is entitled to $3,367.44 in costs for its deposition transcripts.

### 2. Copying Costs.

IBEW seeks $1,307.94 in copying costs. Section 1920(4) permits taxation for the copies of papers "necessarily obtained for use in the case" and does not require that the documents be introduced into the record. *Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir.1990). It is this court's practice to award $0.10 per page or actual cost, whichever is less, for in-house copying costs. The receipts for the Professional Image charges indicate that the copying was done at a rate of $0.10 per page or less. This court therefore finds that IBEW is entitled to $114.54 ($5.00 + $11.42 + 98.12) for Professional Image costs.

■ Based on the documents supporting IBEW's Bill of Costs, however, this court cannot tell what rate IBEW charged for its in-house copying. Accordingly, this court does not award to IBEW the requested $1,193.40 for its in-house copying expenses. In re *Schwinn Bicycle Co.*, 210 B.R. 764, 770 (Bankr.N.D.Ill.1997) ("Even though § 1920(3) allows the prevailing party to recoup printing fees, these fees are subjected to scrutiny regarding their necessity and reasonableness .... TIFCO has not supplied sufficient data and supporting bills to enable determination as to whether these costs were reasonable and necessary. It did not demonstrate the precise number of pages or copies it claims to be necessary for the litigation, and did not provide information regarding the types of documents or the number of copies made per document. Without this information, it cannot be determined whether TIFCO obtained necessary and compensable copies, or unnecessary and non-compensable copies, or both").

### 3. Other Costs.

#### a. Audio Media, Inc.

■ IBEW requests $36.40 for an invoice from Audio Media, Inc. This invoice appears to be for a duplicate tape recording of Yasui's grievance hearing. *See* Maui Electric's Bill of Cost (requesting identical reimbursement). This type of cost is not authorized in any part of section 1920. Accordingly, it is not awarded.

#### b. Postage.

■ IBEW requests $14.78 in costs for postage. Postage is not a cost listed in section 1920 and is not taxable as a cost. *Embotelladora Agral Regiomontana v. Sharp Capital, Inc.*, 952 F.Supp. 415, 418 (N.D.Tex.1997) ("Postage is not included in section 1920 and is not recoverable as a cost").

#### c. Courier Service.

■ IBEW requests $58.02 in courier costs. Courier costs are not listed in section 1920 and are not taxable as costs. *Embotelladora*, 952 F.Supp. at 418 ("Telecopy expenses, express delivery charges, and telephone expenses, like postal expenses, are not listed in the statute and represent 'overhead' costs, not litigation costs"); *see also Schwinn*, 210 B.R. at 771 (holding that courier costs are not taxable under section 1920).

### B. Maui Electric's Bill of Cost.

#### 1. Deposition Transcripts.

Maui Electric seeks court reporter fees in the amount of $3,949.01, as follows:

| | | |
|---|---|---:|
| 1. | Jonathan Yasui Deposition | $802.29 |
| 2. | Jonathan Yasui Deposition | $712.29 |
| 3. | Gary Brito Deposition | $306.25 |
| 4. | Michael McInerny Deposition | $320.78 |
| 5. | Gary Vinge Deposition | $364.95 |
| 6. | Herbert Glassen Deposition | $535.26 |
| 7. | Bonnet and Wachi Depositions | $513.96 |
| 8. | Arthur Takabayashi Deposition | $393.23 |
| | TOTAL | $3.949.01 |

As stated above, fees incurred obtaining deposition transcripts may be recovered under 28 U.S.C. § 1920(2). *See Evanow,* 163 F.3d at 1118; *Association of Flight Attendants.,* 976 F.2d at 551; *Alflex Corp.,* 914 F.2d at 177–78.

Roman F. Amaguin, attorney for Maui Electric, declared under penalty of perjury that the deposition costs requested were necessarily incurred in this action. Bill of Costs (Oct. 6, 1999). For the reasons set forth regarding IBEW's request for costs relating to deposition transcripts, Maui Electric is entitled to its costs of $3,949.01.

### 2. *Copying Costs.*

Maui Electric seeks $2,418.51 in copying costs. As stated above, section 1920(4) permits taxation for the copies of papers "necessarily obtained for use in the case" and does not require that the documents be introduced into the record. *Haagen–Dazs,* 920 F.2d at 588.

The receipt for the Professional Image charge indicates that most of the copying ($83.36 plus tax = $86.83) was done at a rate of $0.10 per page or less. This amount may be awarded under section 1920(4). The remainder of the bill ($1.80 plus tax) appears to be at a rate greater than $0.10 per page. Accordingly, this court finds that Maui Electric is entitled to $0.42 (for 4 copies plus tax) for the remainder of the invoice. Maui Electric is therefore entitled to $87.25 for Professional Image costs.

Based on the documents supporting Maui Electric's Bill of Costs, Maui Electric charged $0.20 per page for in-house copying. This rate is double what this court awards as copying costs. Accordingly, the amount that Maui Electric is entitled to for its in-house copying costs is half of Maui Electric's requested amount, or $1,164.90.

### 3. *Other Costs.*

#### a. *In-house Facsimile Transmission.*

■ Maui Electric requests $388.00 as costs for in-house facsimile transmissions. Facsimile transmissions are not listed in section 1920 and are therefore not taxable as costs. *Schwinn,* 210 B.R. at 771; *see Embotelladora,* 952 F.Supp. at 418 ("Telecopy expenses, express delivery charges, and telephone expenses, like postal expenses, are not listed in the statute and represent 'overhead' costs, not litigation costs").

#### b. *Computer Research.*

■ Maui Electric requests $4,131.11 as costs for computer research. Courts are in dispute on whether computer research is a cost recoverable under section 1920, although the majority of courts hold that computer research is not listed in section 1920 and may not be taxed as a cost. *Embotelladora,* 952 F.Supp. at 418 ("Research, whether conducted on a computer or in a library, is simply not a cost enumerated under section 1920"); *El–Fadl v. Central Bank of Jordan,* 163 F.R.D. 389, 391 (D.D.C.1995) ("Legal research whether computer generated or manually performed by means of digests, legal texts, articles or books is still research which is more properly considered as part of an attorney's fee and not a cost. Therefore, this item will not be taxed as a cost"); *see also Haroco v. American Nat'l Bank and Trust Co. of Chicago,* 38 F.3d 1429, 1440 (7th Cir.1994) (holding that computer assisted research is included as an attorney's fee but not as a cost under section 1920). *But see Wehr v. Burroughs Corp.,* 619

F.2d 276, 285 (3rd Cir.1980) (holding that computer research is recoverable in a prevailing party's bill of costs). This court agrees that computer research is not a cost recoverable under section 1920. Accordingly, Maui Electric's request that its computer research be taxed as a cost is denied.

#### c. *Long Distance Telephone Calls.*

■ Maui Electric requests $27.73 in costs for long distance phone calls. Long distance phone calls are not enumerated in section 1920. Accordingly, the costs of long distance phone calls may not be taxed as costs. *Embotelladora,* 952 F.Supp. at 418 (holding that telephone expenses are not listed in section 1920 and represent "overhead" costs, not litigation costs); *Ezelle v. Bauer Corp.,* 154 F.R.D. 149, 155 (S.D.Miss.1994) (holding that telephone expenses are out-of-pocket expenses that are not taxable as costs).

#### d. *Process Servers.*

■ Maui Electric requests $555.00 as costs for process servers and witness fees. Private process servers' fees are properly taxed as costs. *Alflex Corp. v. Underwriters Laboratories, Inc.,* 914 F.2d 175, 178 (9th Cir.1990). Accordingly, Maui Electric is entitled to $375 (5 subpoenas at $75 per subpoena) as costs under section 1920(1).

Witness fees are also recoverable under section 1920(3). Witness fees are limited to $40 under 28 U.S.C. § 1821(b). Accordingly, Maui Electric is entitled to $200 (5 witnesses at $40 each) as witness fees.

Maui Electric is therefore entitled to $575.00 as costs for process servers and witness fees.[2]

#### e. *Courier Charges.*

Maui Electric seeks $16.25 in costs for Federal Express service charges. As stated above, courier costs are not listed in section 1920 and are not taxable as costs. *Embotelladora,* 952 F.Supp. at 418; *see also Schwinn,* 210 B.R. at 771. Accordingly, Maui Electric's request for reimbursement of $16.25 incurred for Federal Express charges is denied.

#### f. *Airline Tickets and Parking Fee.*

■ Maui Electric seeks $100.00 for airlines tickets and $7.00 for parking in connection with a meeting held between Maui Electric and its attorneys. Such costs are not taxable as costs under section 1920. *Embotelladora,* 952 F.Supp. at 418 (the prevailing party "seeks $12.00 in mileage and parking costs. As with the expenses listed above, the travel expenses of attorneys are not recoverable under § 1920").

#### g. *Notary Charge.*

Maui Electric requests $5.00 in costs for notary charges. Maui Electric does not explain why it incurred these notary charges. Without such explanation, this court cannot determine whether those charges fall within section 1920. Accordingly, Maui Electric's request for $5.00 in costs for notary charges is denied.

#### h. *Audio Media, Inc.*

Maui Electric requests $36.40 for charges from Audio Media, Inc., for a duplicate tape recording of Yasui's grievance hearing. This type of cost is not authorized in any part of section 1920. Accordingly, it is not awarded.

### C. *Summary of Costs.*

Pursuant to 28 U.S.C. § 1920, IBEW is entitled to $3,481.98 as costs ($3,367.44 for court reporter fees and $114.54 for Professional Image costs). Maui Electric is entitled to $5,776.16 as costs ($3,949.01 for court reporter fees, $87.25 for Professional Image costs, $1,164.90 for in-house copying costs, and $575.00 as costs for process servers and witness fees).

---

**2.** Although Maui Electric only requested $555.00, that request was an obvious mathematical error.

*D. Yasui's Personal Circumstances.*

The Ninth Circuit has directed courts to consider the financial resources of the plaintiff in awarding costs against a plaintiff. *Stanley v. University of Southern California,* 178 F.3d 1069, 1079 (9th Cir.1999), *cert. denied,* — U.S. ——, 120 S.Ct. 533, 145 L.Ed.2d 413 (1999). In the present case, Yasui has been unable to work since July 1999. He has been diagnosed with an inoperable malignant brain tumor. Affidavit of Jonathan M. Yasui (December 20, 1999) ¶¶ 3–5. Yasui has been told that he can expect that he will not live beyond June 2000. *Id.* ¶ 6. Although Yasui has almost $23,000 in his checking and savings accounts, Yasui's medical condition appears to affect his financial ability to pay costs, both because he can no longer work and because he faces substantial medical costs. *See* Yasui Aff. This court directs that the award of costs be reduced in light of Yasui's financial and medical conditions. Costs of $2,500 are awarded to IBEW. Costs of $2,500 are also awarded to Maui Electric. These awards of costs are stayed; IBEW and Maui Electric may not attempt to collect on these awards of costs until the date of Yasui's death or December 31, 2000, whichever comes first.

IT IS SO ORDERED.