Stephanie RODRIGUEZ,
et al., Plaintiffs,

v.

GENERAL DYNAMICS ARMAMENT
AND TECHNICAL PRODUCTS,
INC., et al., Defendants.

Civil No. 08–00189 SOM/KSC.

United States District Court,
D. Hawai'i.

Feb. 25, 2011.

David E. Larson, Ward K. Brown, Withers Brant Igoe & Mullennix, PC, Liberty, MO, Dennis E.W. O'Connor, Dennis E.W. O'Connor, Jr., O'Connor Playdon & Guben LLP, Honolulu, HI, for Plaintiffs.

Cristina M. Ciminelli, James J. Yukevich, Yukevich Calfo & Cavanaugh, Los Angeles, CA, Edmund Burke, John N.K. Reyes–Burke, Burke McPheeters Bordner & Estes, Honolulu, HI, Gregory L. Fowler, Gregory K. Wu, J. Stan Sexton, Tina M. Schaefer, Shook Hardy & Bacon LLP, Kansas City, MO, for Defendants.

## ORDER ADOPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS

SUSAN OKI MOLLWAY, Chief Judge.

I. INTRODUCTION.

On November 30, 2010, this court entered judgment pursuant to a jury verdict in favor of Defendant General Dynamics Armament and Technical Products, Inc. ("General Dynamics"). See ECF No. 783. On December 14, 2010, General Dynamics filed a bill of costs. See ECF No. 786. On January 5, 2011, Magistrate Judge Kevin S.C. Chang issued his Findings and Recommendation to Grant in Part and Deny in Part Defendant's Bill of Costs ("F & R").

*See* ECF No. 793. On January 18, 2011, General Dynamics timely filed objections to the F & R. *See* ECF No. 795. After *de novo* review of the parts of the F & R to which General Dynamics has filed objections, and agreeing with the rest of the F & R, the court adopts the F & R in its entirety.

## II. *STANDARD.*

The prevailing party in a lawsuit is permitted to recover certain costs expended in prosecuting or defending the lawsuit. *See* 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d)(1); Local Rule 54.2. When there are objections filed to the prevailing party's bill of costs, the court may refer the matter to a magistrate judge in the first instance for review and issuance of a Findings and Recommendation. *See* Local Rule 53.2.

The district judge reviews the magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. Fed. R.Civ.P. 72(b). If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the findings and recommendation *de novo.* Fed.R.Civ.P. 72(b)(3); Local Rule 74.2. The *de novo* standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a *de novo* hearing is not ordinarily required. *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir.1989); Local Rule 74.2.

The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record. *See United States v. Bright,* Civ. No. 07–00311 ACK/KSC, 2009 WL 5064355, at *3 (D.Haw. Dec. 23, 2009); *Stow v. Murashige,* 288 F.Supp.2d 1122, 1127 (D.Haw.

2003); Fed.R.Civ.P. 72(b) advisory committee's note.

The court finds this matter appropriate for resolution without a hearing. *See* Local Rule 7.2(d).

## III. *ANALYSIS.*

General Dynamics raises three objections to the F & R. The court addresses each objection seriatim.

### A. *Deposition Transcripts ($2,514.75)*

First, General Dynamics asserts that the Magistrate Judge erred in declining to award General Dynamics the cost of deposition transcripts for Elias Barrientes, Randall Meyer, Christopher Kennison, Jonathan Riggins, and Julius Riggins, Sr. *See* General Dynamics Obj. to F & R ("Obj.") at 2–7. These deposition transcripts totaled $2,514.75.

Local Rule 54.2(c) requires the prevailing party to submit "a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." In support of its bill of costs, General Dynamics submitted no memorandum, and provided only a brief declaration of counsel discussing the costs. *See* Bill of Costs, ECF No. 786; Decl. Edmund Burke, Dec. 14, 2010 ("12/14/10 Burke Decl."), ECF No. 786–2. In responding to the F & R, General Dynamics argues for the first time that these transcripts were necessary because, even though Plaintiffs did not call these five witnesses, Plaintiffs included these persons on their list of trial witnesses in April 2010 and again in October 2010, after General Dynamics had completed the depositions. *See* Obj. at 2–7. Even if this is the case, the court does not disturb the F & R.

First, General Dynamics failed to properly support its original bill of costs with

any such explanation. *See* 12/14/10 Burke Decl. ¶ 4 (stating only that "[t]he depositions were needed to assist in trial cross examination"). The court recognizes that it may, in its discretion, receive evidence not before the Magistrate Judge. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3); Local Rule 74.2. However, as General Dynamics advances no reason it could not have made a fuller record before the Magistrate Judge spent considerable time and effort carefully reviewing the bill of costs, this court declines to exercise its discretion to reopen the evidence. *See United States v. Raddatz,* 447 U.S. 667, 674–76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (recognizing a district judge's wide discretion in reviewing a magistrate judge's findings and determining whether to conduct a new hearing to receive additional evidence).

More importantly, General Dynamics incurred the deposition costs before knowing that Plaintiffs would list the witnesses. This was not a situation in which Plaintiffs caused General Dynamics to conduct depositions. The subsequent witness lists, without the actual calling of the witnesses at trial, does not, without more, establish the necessity of the depositions.

### B. *Daily Trial Transcripts ($18,637.79)*

■ Second, General Dynamics asserts that the Magistrate Judge erred in recommending the denial of $18,637.79, the cost of nineteen daily trial transcripts (covering the entire trial). Obj. at 7–8. Pursuant to 28 U.S.C. § 1920(2), the court may tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In other words, if the transcripts were not necessary for the case, the stenographic fees are not taxable costs.

■ In support of recovering the costs of the daily trial transcripts, the declaration of counsel submitted in support of the bill of costs asserts only that "daily trial transcripts assisted in presenting accurate

final argument, and the cross examination of later witnesses." 12/14/10 Burke Decl. ¶ 4. This demonstrates that General Dynamics obtained the trial transcripts because General Dynamics considered them convenient to have, but by no means shows that such transcripts were necessary. The fact that General Dynamics *routinely* ordered a transcript for each day of trial further suggests that the dailies were procured as a matter of custom rather than for any particular purpose. *Cf. Sussel v. Wynne,* Civ. No. 05–00444 ACK/KSC, 2007 WL 902369, at *2 (D. Haw. Mar. 21, 2007) (recommending award of $4,679.00 for several transcripts necessary to respond to a motion that required defendants to quote from particular testimony during trial), *adopted,* 2007 WL 1191902 (D.Haw. Apr. 20, 2007). As the F & R points out, notes of counsel are traditionally used for preparing final argument and for examining later witnesses in a case. The court agrees with the Magistrate Judge that General Dynamics has not demonstrated that the nineteen trial transcripts were necessary for presentation of its case.

### C. *Copying ($20,750.52)*

■ Finally, General Dynamics argues that the Magistrate Judge erred in denying costs for copying General Dynamics's trial exhibits. Obj. at 8–10. Section 1920 permits recovery of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also* Local Rule 54.2(f)(4). The court has reviewed the declaration and invoice, and agrees with the Magistrate Judge that copying costs in the amount of $20,750.52 are not supportable based on the material submitted to the court. The declaration of counsel states only that the copies were for trial exhibits and lists the per item cost for various lines. The invoice shows copying of upwards of 100,000 pages. *See* Fees for Exemplification/Copies, ECF No. 786–7.

The court recalls that General Dynamics submitted large numbers of binders as its trial exhibits. However, the court also recalls that the vast majority of those documents were never used or even referred to at trial.

The court recognizes that exhibits prepared for use at trial are frequently more voluminous than exhibits actually offered at trial, as parties prepare exhibits concerned about a host of possible uses that they cannot know in advance will arise. Even recognizing this, the court is struck by the extraordinary difference between exhibits listed by General Dynamics and exhibits actually referred to at trial. General Dynamics submitted many times the volume of exhibits actually offered or referred to at trial. The trial judge was surrounded by binders during trial, including binders on multi-shelved carts behind her, on both sides of the bench, and along the length of the bench itself. Under the circumstances, the declaration of counsel submitted with the bill of costs, which merely parrots the statutory language that the charges were reasonable and necessary, does not meaningfully support the request for over $20,000 in copies for all of General Dynamics's potential exhibits in this case.

It may be that some portion of the copying costs that the Magistrate Judge recommends be disallowed should indeed be allowed, as certainly the court's and Plaintiffs' copies of defense trial exhibits actually offered at trial were, at a minimum, necessary. However, it may also be that the unrecoverable fees that would be incurred in determining those limited copying costs might exceed the copying costs. In any event, not having the amount of those limited costs before it, the court sees no error in the Magistrate Judge's recommendation as to that matter.

## IV. CONCLUSION.

Having reviewed *de novo* the parts of the Magistrate Judge's F & R to which General Dynamics has objected, and agreeing with the rest of it, the court adopts it in full. The court awards General Dynamics $26,439.85 in costs.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S BILL OF COSTS

KEVIN S.C. CHANG, United States Magistrate Judge.

On December 14, 2010, Defendant General Dynamics Armament and Technical Products, Inc. ("Defendant") filed a Bill of Costs ("BOC"). On December 28, 2010, Plaintiffs untimely filed an Objection to the BOC. On December 30, 2010, Defendant filed a Response to the Objection.[1] The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules").

As an initial matter, the Court will address the timeliness of the Objection. Pursuant to Local Rule 54.2(d), any objection to the BOC had to be filed within 7 days after service of the BOC. Rule 54.2(d) provides:

> **Within seven (7) days after a Bill of Costs is served, the party against whom costs are claimed must file and serve any specific objections,** succinctly setting forth the grounds and authorities for each objection. **Upon the *timely* filing of any objections, the clerk will refer both the Bill of Costs and objections to the court for a determination**

---

1. Defendant was not entitled to file a response to the Objection. Local Rule 54.2 contemplates the filing of an objection, not any further response from the party seeking costs.

of taxable costs. If no such memorandum is filed within the required time, the movant shall notify the clerk that no objections have been filed. **When no timely objection has been filed, the clerk may tax all of the requested costs on fourteen (14) days' notice.** Local Rule 54.2(d) (emphases added). According to Local Rule 54.2(d), Plaintiffs were required to file their Objection by December 21, 2010. Even with the extra time provided for taking action as set forth in Federal Rule of Civil Procedure ("FRCP") 6(d), Plaintiffs' Objection was due on December 27, 2010. Fed.R.Civ.P. 6(d) (adding 3 days to the time period in which a party may or must act if service is made under rule 5(b)(2)(C), (D), (E), or (F)); *see also id.* 6(a)(1)(C) ("[I]nclude the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Consequently, the December 28, 2010 filing is untimely.

Nevertheless, even without considering Plaintiffs' Objection, the Court finds that the requested costs are subject to reductions. As such, the Court shall now evaluate the BOC.

Defendant requests $68,837.91·in costs— $1,891.00 for service of summons and subpoena; $43,088.83 for printed or electronically recorded transcripts necessarily obtained for use in the case; $3,107.56 for witnesses; and $20,750.52 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

FRCP 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in LR54.2(b)." Local Rule 54.2(a).

 Courts have discretion to award costs pursuant to Rule 54(d). *See Yasui v. Maui Electric Co., Ltd.,* 78 F.Supp.2d 1124, 1126 (D.Haw.1999). The burden is on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of Southern California,* 178 F.3d 1069, 1079 (9th Cir.1999).

Here, Defendant is the prevailing party in this action, having obtained a favorable verdict and judgment having been entered in its favor on November 30, 2010. The Court will therefore tax statutorily permitted costs in Defendant's favor.

While courts have discretion to award costs pursuant to FRCP 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. *See Yasui,* 78 F.Supp.2d at 1126 (citing *Alflex Corp. v. Underwriters Laboratories, Inc.,* 914 F.2d 175, 177 (9th Cir. 1990); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)). Section 1920 enumerates the following costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of the title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *Yasui,* 78 F.Supp.2d at 1126. The Court addresses each of the costs requested by Defendant in turn.

## A. Service of Process

■ Defendant requests $1,891.00 for the service of deposition subpoenas. Section 1920(1) allows for the taxation of the fees of the marshal. *See also* Local Rule 54.2(f)(1) ("Fees for the service of process and service of subpoenas by someone other than the marshal are allowable, to the extent they are reasonably required and actually incurred."). Defendant submitted invoices to support its request. Because the cost of serving subpoenas is compensable and Defendant has provided proper documentation to the Court, the Court finds that **$1,891.00** is taxable.

## B. Transcript Costs

Defendant requests $43,088.83 for transcript costs—$24,451.04 for deposition transcripts and $18,637.79 in daily trial transcripts. Section 1920(2) provides for the taxation of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(f)(2) provides:

> The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable. A deposition need not be introduced in evidence or used at trial, so long as, at the time it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery.

Local Rule 54.2(f)(2).

### 1. Deposition Transcripts

Based on a careful review of Defendant's exhibits and the record in this case, it appears that with the exception of the deposition transcripts for Elias Barientes, Christopher Kennison, Randall Meyer, Jonathan Riggins, and Julius Riggins, Sr., the requested costs are permissible. De-fendant has not established that the depositions for the foregoing individuals were reasonably expected to be used for trial preparation, rather than mere discovery. *Evanow v. M/V Neptune,* 163 F.3d 1108, 1118 (9th Cir.1998) (deposition transcript costs are taxable if they are reasonably necessary for trial). Defendant's unsupported and conclusory explanation that the depositions were needed to assist in trial cross examination is insufficient. Accordingly, the Court recommends that the district court tax deposition transcript costs pursuant to § 1920(2) and Local Rule 54.2(f) in the amount of **$21,936.29**.

### 2. Trial Transcripts

With respect to the $18,637.79 in daily trial transcripts, the Court finds that Defendant's request is excessive and non-compensable. The costs associated with trial transcripts may, in certain circumstances, be taxable. However, Defendant has failed to demonstrate why it was necessary to order 19 trial transcripts. Defense counsel represents that the "daily trial transcripts assisted in presenting accurate final argument, and the cross examination of later witnesses." Decl. of Edmund Burke ("Burke Decl.") at ¶ 4. While the transcripts may certainly have been of value to the defense in preparing for trial, Defendant has not explained why nearly $20,000.00 in trial transcripts was necessary, as opposed to counsel's notes and recollections. It is one thing to incur costs that a client has agreed to bear and/or that assist in litigating a case, and another to seek reimbursement for the excessive costs from the opposing party. Insofar as the Court is unable to ascertain which, if any, trial transcripts were necessarily obtained for use in the case, the Court declines to tax the daily transcript costs.

## C. Witness Fees

■ Defendant seeks reimbursement of witness Phillip Leong's attendance and air-

fare in the amount of $3,107.56—$695.00 for 5 days attendance and $2,412.56 in airfare. Witness fees are taxable pursuant to § 1920(3). Local Rule 54.2(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." Local Rule 54.2(f)(3); *see also Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir.2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)). Section 1821(b) limits witness fees to $40.00/day. Because the fee requested for Mr. Leong's attendance well-exceeds the allowable $40.00/day rate, the Court must reduce the attendance cost to $200.00 ($40.00 × 5 days).

With respect to travel expenses, § 1821(c)(1) provides:

A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

28 U.S.C. § 1821(c)(1). Defendant submitted an invoice documenting that it incurred $2,412.56 for Mr. Leong's economy round-trip airfare from New Jersey. The Court is satisfied that Defendant has met the requirements set forth in § 1821(c)(1) and accordingly taxes $2,412.56 in airfare and $200.00 in attendance costs, for a total of **$2,612.56.**

D. *Copying Costs*

Finally, Defendant requests reimbursement for copying costs totaling $20,750.52.

Section 1920(4) explicitly provides for the taxation of copying costs and section 1920(3) provides for the taxation of "[f]ees and disbursements for printing." 28 U.S.C. § 1920(3) & (4). Local Rule 54.2(f)(4) sets forth specific requirements that must be met.

**The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an *affidavit describing the documents copied,* the number of pages copied, the cost per page, and *the use of or intended purpose for the items copied.* The practice of this court is to allow taxation of copies at $.15 per page or the *actual cost charged by commercial copiers, provided such charges are reasonable.* The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.**

Local Rule 54.2(f)(4) (emphases added). In support of its request for copying costs, Defendant submitted an invoice from Professional Image. Defense counsel explains that "the copying charges were reasonable and … necessitated by requirements of the court for the court's copies, a copy for Plaintiffs' counsel, and a copy for Defendant." This explanation is inadequate and fails to comply with Local Rule 54.2(f)(4). Mr. Burke's declaration neither describes the documents copied, nor explains the use of or intended purpose for the items copied. Without this information, the Court cannot determine whether the copies were necessary and/or reasonable. The fact that the copies were purportedly necessary to provide courtesy copies to the Court and Plaintiffs' counsel does not alone justify the significant expense. Moreover, Defendant is not permitted to seek recovery of the cost of copies made for its use, which, based on Mr. Burke's representation, it is

clearly doing here.[2] For these reasons, the Court declines to tax copying/outside printing costs.

E. *Total Taxable Costs*

In sum, the Court finds that $1,891.00 in service costs, $21,936.29 in deposition transcript costs, and $2,612.56 in witness fees are taxable. The Court therefore recommends that the district court tax $26,439.85 in costs.

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Defendant's Bill of Costs, filed December 14, 2010, be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Defendant $26,439.85 in costs.

IT IS SO FOUND AND RECOMMENDED.

2. Thus, even if the Court had taxed the copying costs, the amount would at minimum be reduced by one-third.